# IN THE COURT OF APPEALS OF IOWA

No. 19-0569
Filed June 3, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VADIM IGOREVICH SHULTSEV,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Brendan Greiner, District Associate Judge.

        Defendant appeals the sentence and the restitution order.  **SENTENCE VACATED IN PART AND REMANDED FOR DETERMINATION OF RESTITUTION.**

        Martha J. Lucey, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Vadim Shultsev appeals the sentence imposed after he pled guilty to the charge of operating a motor vehicle while barred, in violation of Iowa Code sections 321.560 and 321.561 (2018).[1]  The district court ordered Shultsev to serve a ninety-day sentence at the Warren County jail and ordered that sentence to run concurrently with three Polk County sentences on other offenses.  Shultsev contends that the district court abused its discretion by failing to delineate adequate reasons for the sentence.

Additionally, the court levied a $625 fine; a $218.75 surcharge; and court costs to be determined or $200, whichever was less, against Shultsev.  Then the district court found Shultsev was reasonably able to pay $60 in attorney fees and up to $3,600 in correctional fees as restitution.  Shultsev argues the court erred by determining he had a reasonable ability to pay the court costs, attorney fees, and correctional fees.  We address his concerns below.

**I.  Standard of Review.**

Our review of the imposed sentence is for errors at law.  *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996).  When reviewing a district court's sentencing decision, we will not reverse absent either an abuse of discretion or a defect in the sentencing procedure, such as the consideration of inappropriate matters.  *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).  A district court abuses its

---

[1] Amended Iowa Code section 814.6(1)(a)(3) (2019) would not provide Shultsev a right of appeal from his guilty plea.  However this "provision[] appl[ies] only prospectively and do[es] not apply to cases pending on July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019).  For that reason, the amendment does not apply here to prevent Shultsev's appeal.

discretion when it "exercises its discretion on grounds clearly untenable or to an extent clearly unreasonable." *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010).

"We review restitution orders for correction of errors at law." *State v. Albright*, 925 N.W.2d 144, 158 (Iowa 2019). "[W]e determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *Id.* (alteration in original) (quoting *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004)).

## II. Sentencing.

Although Shultsev pled guilty and agreed to the sentence imposed, with buyer's remorse, he seeks another shot at the sentence term. To get the second shot, he argues the court failed to identify adequate reasons for a sentence Shultsev believes is too harsh. First, we note that we give sentencing decisions by a district court "a strong presumption in their favor." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). Yet the district court must follow certain parameters in sentencing. Iowa Rule of Criminal Procedure 2.23(3)(d) provides, in part, that when a district court sentences a defendant, "[t]he court shall state on the record its reason for selecting the particular sentence." To satisfy this requirement, the district court may state its reasons orally on the record or by including them in the written sentencing order. *State v. Thompson*, 856 N.W.2d 915, 919 (Iowa 2014). The most important purpose of the requirement is to afford appellate courts the opportunity to review the sentencing court's discretion. *Id.* Here we can easily ascertain the district court's rationale for the sentence imposed.

During the sentencing proceedings, the district court learned that Shultsev committed two other driving-while-barred offenses during the time between the

plea and the sentencing. The State outlined Shultsev's criminal record. The history reflected eight convictions for driving while barred or revoked and two convictions for operating while intoxicated. While the sentencing order contained the traditional boilerplate considerations required under Iowa Code section 907.5, it noted no specifics related to this case. But we have the benefit of the reported colloquy between the court and Shultsev, during which the district court offered specific frustrations related to Shultsev's propensity to drive without a license. The district judge observed:

> All right. Well, I am not sure how we are going to impress upon you that you can't drive when you don't have a license, and that is my primary concern right now. And I guess what I keep hearing is that you expect to keep driving without having any consequences because you don't think that is a big deal. . . .
> . . . .
> . . . So I understand that it is a nonviolent offense. I understand that nobody was hurt, but, you know, there has got to be a consequence for you because you keep driving without a driver's license. And you keep thinking that it is not that big of a deal, so I am not sure what the court can do to impress upon you that it is a big deal.
> Frankly, I think the State is absolutely justified in asking for two years in prison given your record and your disregard for the law.

"While the rule requires a statement of reasons on the record, a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted). "A terse and succinct statement is sufficient, however, only when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *Id.*; *see also, e.g.*, *State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981) (noting it was "clear from the trial court's statement *exactly* what motivated and prompted the

sentence" (emphasis added)). Here the sentence reflected the goal to alert Shultsev that driving while barred is a "big deal" and his cavalier disregard of the laws must end.

Likewise, Shultsev signed a written plea agreement that clearly set out the sentence the district court imposed.[2] During the plea proceeding, Shultsev confirmed his understanding of the agreement.

> THE COURT: Mr. Shultsev, it is my understanding that you will either be—that the plea agreement is for 90 days in jail or two years in prison. Is that also your understanding?
> SHULTSEV: Yes, sir.
> THE COURT: You understand that I don't have to go along with that agreement?
> SHULTSEV: Yes.

In the end, a court is to make each sentencing decision on an individual basis, seeking to fit the particular person affected. *State v. McKeever*, 276 N.W.2d 385, 387 (Iowa 1979). With careful consideration, the court noted it weighed all options after Shultsev argued for probation rather than a term of incarceration. Given the district court's concerns, this sentence particularly satisfied the court's interest in rehabilitating Shultsev. *See State v. Hopkins*, 860 N.W.2d 550, 555 (Iowa 2015) (noting postconviction rehabilitation efforts are an appropriate sentencing factor to consider). The district court listed relevant factors for its reasonable sentencing decision. We find Shultsev failed to prove an abuse of discretion.

---

[2] Shultsev waived counsel before the plea proceeding and represented himself until his request for court-appointed counsel at sentencing.

### III. Reasonable Ability to Pay Restitution.

Shultsev maintains that the district court erred in ordering restitution for his court-appointed attorney fees up to $60, court costs not to exceed $200, and not more than $3,600 in correctional fees. There are two categories of restitution. *Albright*, 925 N.W.2d at 159. The district court orders category-one restitution (fines, penalties, and surcharges) without regard to a defendant's ability to pay. *See id.*; *see also* Iowa Code § 910.2(1). But the district court must determine a defendant's reasonable ability to pay any form of category-two restitution before ordering a defendant to pay it. *Albright*, 925 N.W.2d at 159. Court costs, including correctional fees approved under Iowa Code section 356.7, and court-appointed attorney fees are considered items of category-two restitution, requiring the court to determine the defendant's reasonable ability to pay before ordering the defendant to pay this form of restitution. *Id.*; *see also* Iowa Code § 910.2(1).

Shultsev argues not that he cannot pay, but that the district court failed to follow the appropriate exercise before ordering these payments. To start, the district court benefited from a review of the financial affidavit filed by Shultsev. The affidavit revealed no income, no assets, and debt of $1000. However, during the sentencing, Shultsev presented a different picture of his financial prowess. Shultsev responded to a question about his company, "It is SOS Auto Collision. I do insurance work and I do customers' cars. So I do pretty big clientele and stuff. I do buy cars from car auctions. I fix them up and pretty much resell them too." Additionally, in seeking probation, Shultsev emphasized he had paid all previous fines for his other offenses. The State argues this history supports Shultsev's ability to pay. But Shultsev notes the effort of paying mandatory fees cannot be

determinative of the reasonable-ability-to-pay standard as it is not indicative of whether additional fines will cause undue hardship.

While Shultsev offered some initial detail about his earning ability, the district court lacked the financial specifics necessary to determine whether Shultsev had a reasonable ability to pay the court-appointed attorney fees, the court costs, and the correctional fees over and above the other fines. Additionally, with the conflicting financial information provided, a more detailed examination of Shultsev's actual earnings and livelihood is necessary to meet the *Albright* criteria. We vacate the restitution order to allow the district court to solve this discrepancy and fully analyze Shultsev's reasonable ability to pay.

## IV. Conclusion.

Because we find no abuse of discretion by the district court with the sentencing term, we affirm the sentencing decision. We vacate the restitution order and remand for further proceedings to determine Shultsev's reasonable ability to pay.

**SENTENCE VACATED IN PART AND REMANDED FOR DETERMINATION OF RESTITUTION.**